FRUGÉ, Judge.
On May 29, 1956 one Joseph I. Bergeron, the plaintiff herein, and one Alcee Richard were injured in an accident in Allen Parish, Louisiana, with a truck being then driven by one George O’Banion.
Plaintiff, Bergeron, instituted suit alleging O’Banion’s negligence, alleging that O’Banion was an employee of Gifford-Hill and Co., Inc. and seeking judgment against Gifford-Hill and 'Co., Inc. and O’Banion, jointly, severally, and in solido. By amending and supplementing petition, Standard Accident Insurance Company was made defendant with Gifford-Hill and Co., Inc. and O’Banion, alleging that said insurance company was the liability insurer of Gifford-Hill and Co., Inc. and, accordingly, liable as insurer.
In said suit, in the alternative, plaintiff alleged that if it were found that Gifford-Hill and Co., Inc., was not, at the time of the accident, the employer of O’Banion, then, that William Savant was his employer, and judgment was sought, jointly, severally and in solido against O’Banion, Savant, and Canal Insurance Company as insurer of Savant, for the negligence of O’Banion.
In the further alternative, it was prayed that if it were found that no employer-employee relationship existed as pleaded against Gifford-Hill and Co., Inc., and al *64 ternatively, as pleaded against William Savant, plaintiff alleged that W. P. Sharp was the employer of O’Banion, and sought judgment against W. P. Sharp, O’Banion, and National Surety Corporation as insurer of W. P. Sharp, for the negligence of O’Banion.
Subsequent to the filing of these suits, plaintiff entered into negotiations with National Surety Corporation, insurer of W. P. Sharp, whereby, for a stated consideration, O’Banion, W. P. Sharp and National Surety Corporation were released of all further liability on account of the accident of which plaintiff complained, reserving plaintiff’s rights to proceed against all other parties and insurers.
The defendants filed pleas of estoppel, exceptions of no cause or right of action and a motion for summary judgment. The trial judge overruled the various exceptions and pleas filed by the defendants but found that the defendants were entitled to a summary judgment and from this judgment plaintiff has appealed to this Court.
The issue before the Court is whether or not the release executed by the plaintiff had the effect, legally, of releasing all remaining defendants.
The receipt and release executed by the plaintiff stated that in consideration
“ * * * he does hereby release, acquit, discharge and covenant to hold harmless George O’Banion, W. P. Sharpe, and National Surety Corporation, their heirs, successors, and assigns, of and from any and all actions, causes of actions, claims, demands, damages, costs, loss of services, expenses and compensation as against said parties only, on account of or in any way growing out of any and all known and unknown personal injuries and property damage which he may now have or hereafter have, resulting or to result from a certain accident which occurred on or about May 29, 1956 * * *.”
In addition, the release contained an indemnification agreement which read as follows :
“Appearer further declared that he does hereby bind himself, his heirs, administrators and assigns, to repay to the said George O’Banion, W. P. Sharpe and National Surety Corporation, their heirs, successors and assigns, any sum of money, except the sum above mentioned, which they may hereafter be compelled to pay because of injuries or damages sustained by the said Joseph I. Bergeron as a result of the accident described herein.”
The appellees contend that the only basis of the claim against Savant or Gifford-Hill is under the theory that O’Banion was the servant of one or the other, or both, because there is no allegation that either of these parties were guilty of any negligence whatsoever, and accordingly, they are liable secondarily or vicariously. This 'Court agrees with appellees in this contention. There is no allegation in the petition of plaintiff that Savant or Gifford-Hill were negligent in any respect. Plaintiff contends, in his pleadings, that Savant or Gifford-Hill are liable to him for damages because O’-Banion was the employee of one or the other.
In the case of Garvey v. Great Atlantic and Pacific Tea Company, La.App., 125 So.Zd 634, the court stated:
“It is clear also that the liability of Great Atlantic is vicarious or technical only, arising as it does as a result of respondeat superior without negligence on its part, and that the general rule to the effect that an employer may recover from his employee the damages which the latter’s negligent conduct has caused the employer to pay a third party is applicable here. See Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373; Costa v. Yochim, 104 La. 170, 28 So. 992; Brannan, Patterson & Holliday v. Hoel, 15 La.Ann. 308; see also Spurlock v. Boyce-Harvey Mach.
*65 supra [La.App.], 90 So.2d [417] at page 427.”
When plaintiff released O’Banion, the alleged negligent servant, he automatically released all of the other defendants, regardless of any attempt to reserve his claim against them.
The Supreme Court of the State of Louisiana in the recent case of Williams v. Marionneaux, 240 La. 713, 124 So.2d 919, was presented with practically the same issues. In this case plaintiff, Williams, was injured in an accident involving a truck owned by the defendant, Marionneaux, which vehicle was being driven at the time by one Blanchard. Plaintiff alleged that Blanchard was negligent and that he was the employee of Marionneaux and, at the time of the accident, was proceeding in said vehicle under the direction and control of his employer. In his petition Williams did not claim that Marionneaux himself was negligent. The General Accident Fire and Life Insurance Corporation, Ltd., was the public liability insurer of the Marionneaux truck and was included as a party defendant. In their answer, the defendants denied that Blanchard was Marionneaux’ employee, claiming that he was an independent contractor and filed a third-party complaint against Blanchard and his public liability insurer asking for judgment against them in the event that they were compelled to pay plaintiff. Williams made a settlement with Blanchard and his insurer. The Supreme Court observed that under Article 2315 of the LSA-Civil Code of Louisiana, the liability of servant for his tort was primary. It concluded that the liability of the non-negligent master for the servant’s tort was derivative, or secondary.
At page 922 of said case of Williams v. Marionneaux, supra, the court stated:
“In Louisiana, the liability of the servant for damages under Article 2315 of the Civil Code for injuries to another caused through his negligence is primary. Conversely, the liability imposed on the master by Article 2320 of the Code in favor of third persons for the damages occasioned by his servant’s negligence, while exercising the functions in which the servant is employed, rests solely on the principle of re-spondeat superior and is derivative or secondary in all cases where the master himself is not at fault.”
Further, at page 922 of said opinion the Supreme Court said:
“Accordingly, since the liability of the master in a case like this is purely derivative, he is entitled to reimbursement from his servant, the one primarily responsible, in the event he is required to pay damages to the injured party resulting from the servant’s negligence. Brannan, Patterson & Holli-day v. Hoel, 15 La.Ann. 308; Costa v. Yochim, 104 La. 170, 28 So. 992(6). The rule stated in the above cited cases has been followed without exception and applied in kindred situations in which a party whose liability is vicarious has sought and been awarded reimbursement from the tort-feasor, the person primarily liable for the injuries and damage.”
At page 923, the Supreme Court further held:
“Since Marionneaux had the right to recoup from Blanchard whatever damages he might have been obliged to pay plaintiff for injuries resulting from Blanchard’s negligence while the latter was acting in furtherance of his duties as Marionneaux’s employee, the question arises as to the legal effect produced by the compromise and settlement by plaintiff of his claim against Blanchard, in which he covenanted to indemnify and save Blanchard harmless for all claims and demands for damages growing out of the accident. This release, in our view not only operated to discharge Blanchard as the party primarily responsible; it affected a complete release of Marionneaux,
*66 who was only secondarily liable. And this, despite the attempted reservation by plaintiff in the release of all of his rights against Marionneaux and his liability insurer.”
Further, at page 923 of said decision, the Supreme Court held:
“Now, when Blanchard compromised with plaintiff he repaired his wrong and, therefore, was fully acquitted from further liability. This acquittance inured to the benefit of Marionneaux for the release of the tort-feasor must be held to release Marionneaux also from further responsibility, as his liability for the tortious act was vicarious in nature and derived solely from his legal relation to the wrongdoer.”
Plaintiff contends that inasmuch as he reserved his right of action against the other remaining parties he may proceed against them as provided for by Article 2003 of the LSA-Revised Civil Code and cites many cases. However, in all of the cases cited by plaintiff’s counsel in his brief the other parties were primary obligors and not secondary obligors as is the case at bar. The plaintiff in the Williams v. Marion-neaux case, supra, made the same contention and the Supreme Court denied the contention, stating at page 923 of said opinion:
“To give legal effect to the reservation contained in the release, as plaintiff would have us do, would produce consequences of a most unseemly nature — for, if Marionneaux should be held responsible to plaintiff notwithstanding that the tortfeasor has already repaired the wrong conformably with Article 2315, Marionneaux would be entitled to reimbursement from Blanchard, as the party primarily responsible, and Blanchard, in . turn, would be entitled to indemnification from plaintiff as he contractually agreed to save Blanchard and his insurer harmless for all claims and demands for damages on account of the accident.”
Going further, at page 924 of said Williams v. Marionneaux, the Supreme Court held:
“Furthermore, for the reasons above stated, we do not regard the reservation of rights against Marionneaux contained in the release to be effective. Indeed since the compromise had the legal effect of discharging Marion-neaux, plaintiff’s reservation of his rights against Marionneaux in the release amounted to naught as plaintiff no longer had any legal rights to reserve.”
Counsel for plaintiff contends that inasmuch as the release contained the indemnification agreement shown in this opinion heretofore that he should be allowed to proceed against the defendant-appellees. We cannot agree with counsel for plaintiff as the indemnification agreement only pertains to plaintiff on one hand, and O’Banion, Sharp, and National Surety, on the other. If Gifford-Hill or Savant should be held responsible to plaintiff notwithstanding that the tort feasor has already repaired the wrong conformably with Article 2315, Savant or Gifford-Hill would be entitled to reimbursement from O’Banion as the party primarily responsible, and O’Banion in turn would be entitled to indemnification in accordance with his agreement from plaintiff. The mere fact that the releases contained an agreement to indemnify does not alter the fact that plaintiff released the negligent servant which serves to release the non-negligent master secondary obligor.
Counsel for plaintiff further argues that the release in favor of O’Banion did not serve to release the insurer of Gifford-Hill and Co., Inc. and the insurer of Savant because the policies issued to the insureds contained the so-called “Hired Car” endorsements.
If the truck O’Banion was in was in fact a hired car, then the . sole and only *67 effect of the endorsement is to make O’-Banion an additional insured. O’Banion would be entitled to protection under the standard policy to the same extent that Gifford-Hill was and in like manner the same protection under the Canal policy that Savant was.
The “Hired Car” endorsement serves the same general purpose as the omnibus clause. In the case of Nyman v. Monteleone-Iber-ville Garage, et al., 211 La. 375, 30 So.2d 123, the Court, at page 125 thereof, in defining an omnibus clause, stated:
“ * * * Such' a clause is for the purpose of giving ‘additional assureds, other than the person named in the liability policy as assured, with certain specified limitations, the benefit of the policy. * * * It extends protection to “one permitted” to use the car, although the “assured” may not be liable for the accident under the doctrine of respondeat superior. The object of such clause is to cover the liability of the operator of the car as an unnamed assured, and to protect any person so injured by giving him a cause of action against the insurer for injuries deemed by law to have been caused by the operation of the car. * * *
The obligation of each insurer is to take the place of the insured, to stand in his stead and to pay in his stead when he is legally liable. Neither insurance company, as such, has any independent liability, and if the insured in this case is not liable, then in like manner the insurer is not liable. The liability of the insurance company arises with the liability of its insured and ends when his liability is ended. If the insured is not legally obligated to pay, then there is no obligation on the part of the insurer to pay. See Dumas v. United States Fidelity and Guaranty Company, 241 La. 1096, 134 So.2d 45.
For the reasons assigned the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.