HARDY, Judge.
This is one of three consolidated cases arising from the same automobile accident, designated on the docket of this court as No. 10008, Tucker v. Fidelity & Casualty Company of New York, 158 So.2d 453; 10,009, Stuckey v. Fidelity & Casualty Company of New York, and 10010, Futch v. Fidelity & Casualty Company of New York, 158 So.2d 455.
The material facts involved have been set forth in the. same entitled cases considered by this court on a motion for summary judgment, La.App., 136 So.2d 724.
In the instant case, there was judgment in favor of plaintiff, Ann Tucker Stuckey, defendant, in the principal amount of $700.-00, from which defendant has appealed.
Defendant assigns error:
(1). In the action of the trial court in overruling the exception of no cause and no right of action based upon the breach by the in *455 sured, Dawn Tucker, of the cooperation clause of the insurance policy;
(2). In the factual finding of negligence on the part of Dawn Tucker and failure to find intervening and superseding negligence on the part of Wilma Lee Stuckey;
(3). In the quantum of damages.
 The error on the basis of the insured’s violation of the cooperation clause of the insurance policy is strenuously urged. We have no quarrel with counsel's conclusion as to the violation of the cooperation clause clearly provided by the policy contract on the part of the insured, Ann Tucker Stuckey. However, we are of the opinion that, under the Direct Action Statute, the insurer’s obligation to an injured party becomes fixed as of the occasion of the accident and cannot be prejudiced by the action of the insured in the absence of evidence of fraud or conspiracy. This principle was extensively discussed and determined in the case of West v. Monroe Bakery, Inc., et al., 217 La. 189, 46 So.2d 122, which has been followed in numerous cases since decided. The evidence in the record before us is not sufficient to justify a finding of collusion on the part of plaintiff and the insured. Without such evidence, it could as easily be presumed that an adjuster or representative of an insurance company would conspire with a third party.
According to the summary of the district judge, the amount of judgment allowed in favor of this plaintiff as against this defendant, after proration of the liability of the primary insurer, is correct, and, accordingly, the same should be and is hereby affirmed at appellant’s cost.