McCALEB, Justice.
 

 These consolidated cases, which have been filed here under one docket number, are two of three damage suits originally instituted in the Third District Court for Union Parish against The Fidelity & Casualty Company of New York (hereinafter referred to as F & C) as an excess insurer of Dawn Tucker, a minor, who has since become emancipated by marriage. The actions arise out of an automobile accident which occurred on January -3, 1960, when a Panhard car driven by Dawn Tucker and owned by Wilmer Stuckey, who was
 
 *691
 
 a passenger therein, collided with a bridge resulting in personal injuries to Dawn Tucker and the other occupants (except Stuckey) of the car, Dawn’s two minor sisters, Nan Tucker and Ann Tucker (now Mrs. Stuckey) and Janice Futch, the minor daughter of Theos Futch. Wilmer Stuckey carried a public liability insurance policy issued by Allstate Insurance Company, which contained bodily injury limits of $5,000 per person and $10,000 per accident and also the usual omnibus clause covering persons driving the car with the permission of the named insured. Thus the minor, Dawn Tucker, who was driving the car with the permission of Wilmer Stuckey, was an omnibus insured under the contract.
 

 In addition, the father of Dawn Tucker, Jewell Tucker, was the named insured in a public liability policy issued by F & C, providing bodily injury limits of $5,000 per person and $10,000 per accident and covering members of his family while driving other vehicles. Dawn Tucker was an insured under this policy but the coverage thereunder was excess insurance by reason of a clause in the policy stating that, with respect to the operation of a non-owned automobile, the insurance provided “shall be excess insurance over any other valid and collectible insurance.”
 

 The instant cases, filed against F & C, were brought by Theos Futch on behalf of his minor daughter, Janice, and by Jewell Tucker on behalf of his minor daughter, Ann, now Ann Tucker Stuckey, to recover for the personal injuries sustained by each minor in the accident.
 

 Before the institution of the suits, a compromise settlement was confected by Futch, on behalf of his minor daughter, with Allstate Insurance Company under the terms of which Futch was paid the sum of $3,000 for Janice Futch’s injuries. Under similar settlements between Jewell Tucker, on behalf of his minor daughters, Nan and Ann Tucker, Allstate paid $2,700 for Ann Tucker’s injuries and $300 for Nan Tucker’s injuries. Although Dawn Tucker was also injuried, Allstate refused to settle her claim, apparently because she, as the driver of the Stuckey automobile, was alleged to have been guilty of negligence which was the proximate cause of the accident. However, the compromise agreement was made without prejudice to her claim against Allstate.
 

 In the present suits brought by Futch and Tucker, F & C filed in limine a motion for summary judgment founded on the recitals of the release contained in the compromise agreements between plaintiffs and Allstate, which, it was alleged, effectuated an extinguishment of all liability of F & C for the damages sustained by Janice Futch and Ann Tucker Stuckey over and above the limits of the primary insurance furnished by Allstate.
 

 This motion for summary judgment was sustained by the district court and the suits
 
 *693
 
 were dismissed. Plaintiffs appealed to the Court of Appeal, Second Circuit, where judgment was rendered reversing the decision and remanding the cases to the district court for further proceedings. See Futch v. Fidelity & Casualty Company of New York, La.App., 136 So.2d 724. F & C then applied here for a writ of certiorari but the application was denied on the ground that the judgment was not final. When the case was returned to the district court, F & C filed its answer, pleading that Dawn Tucker was free from negligence and alternatively averring that, if she was at fault in any respect, her negligence was not the proximate cause of the accident because of certain alleged acts of intervening negligent conduct on the part of Wilmer Stuckey.
 

 When the case was called for trial, F & C filed an exception of no right or cause of action based on the ground that its insured, Dawn Tucker, then residing in Arkansas and beyond the subpoena power of the court, had promised its counsel that she would be present at the hearing but that, notwithstanding her agreement, she had failed and refused to appear; that her actions in the premises constituted a substantial and prejudicial breach of the cooperation clause of its policy and that, therefore, it was entitled to void its insurance and be dismissed from the proceeding. This exception was overruled and, after a trial on the merits, there was judgment in favor of plaintiff, Futch, against F & C for $1,193.70 and in favor of Ann Tucker Stuckey, who had been substituted as plaintiff following her emancipation by marriage, in the sum of $700.
 

 On appeal, the Court of Appeal, Second Circuit, affirmed these judgments. See Ann Tucker Stuckey et al. v. Fidelity & Casualty Company of New York, La.App., 158 So.2d 454 and Futch v. Fidelity & Casualty Company of New York, La.App., 158 So.2d 455. F & C thereafter applied for certiorari and a writ was granted in both cases as we were of the view that the first decision of the Court of Appeal, Second Circuit, might be in conflict with that of the Court of Appeal, Third Circuit, in Bergeron v. Gifford-Hill and Co., La.App., 137 So.2d 63.
 

 The motion for summary judgment is premised on three grounds, all of which are alleged to warrant the conclusion that the legal effect of the compromise agreements with Allstate was to extinguish the excess liability of F & C.
 

 The agreements, which are made without prejudice to the claims of Dawn Tucker against Allstate and the rights of Ann Tucker Stuckey and Janice Futch against American Fore Insurance Co. (of which F & C is a member), declare that we (Ann Tucker Stuckey and her father, Jewell Tucker, and Janice Futch’s father, Theos Futch) “* * * do hereby release, acquit and forever discharge Wilmer Lee Stuckey, W. G. Stuckey & Allstate Insurance Company,
 
 *695
 
 Dawn Tucker & Jewell Tucker of and from any and all actions, causes of action, claims, demands, damages * * * resulting * * * from an accident that occurred on or about the 3rd day of January, 1960, * jji * »
 

 In holding that this settlement did not extinguish the obligation of F & C under its policy since plaintiffs had reserved their rights in the release to proceed against F & C, the Court of Appeal reasoned that it was not the intention of plaintiffs “* * * to release an obligation which could not and did not accrue under the policy of insurance issued by defendant * * See 136 So.2d 729.
 

 Counsel for F & C contend the ruling is erroneous. Primarily, it is said that the reservation in the compromises of plaintiffs’ rights against American Fore Insurance Co. is ineffective because its liability is contractually contingent and dependent upon the responsibility in law of its insured, Dawn Tucker, and that, since plaintiffs by their settlement have released Dawn Tucker from all liability, the extinguishment of her obligation necessarily operates to release it also. To buttress this position, counsel rely in the main on four cases— viz., Dumas v. United States Fidelity & Guaranty Company, 241 La. 1096, 134 So.2d 45; Addison v. Employers Mut. Liability Ins. Co. of Wis., La.App., 64 So.2d 484; Adams v. Hartford Accident and Indemnity Co., La.App., 142 So.2d 535; and Bergeron v. Gifford-Hill and Company, La.App., 137 So.2d 63.
 

 It, of course, cannot be gainsaid that, if the legal obligation of F & C’s insured to-plaintiffs has been wholly extinguished by remission or release, F & C is not liable under its policy for its contract is to pay on behalf of its insured only when its insured is legally liable for damages. Thus, to this extent, the Dumas, Addison and Adams-cases, which involved extinguishment of the obligations by confusion, and, surely, the Bergeron case, which in part involved the identical question here, would be appropriate.
 

 However, before the effect of the alleged extinguishment by release is determined, we must first decide whether the compromise settlements between plaintiffs- and Allstate and Dawn Tucker (the tortfeasor) produced the legal effect of wholly releasing and remitting the latter’s obligation to plaintiffs for all consequences of her negligence.
 

 The Court of Appeal found that the settlements were intended to relate only to the release of Allstate as primary insurer in consideration of the sums paid by it to plaintiffs and did neither pertain to F & C’s unaccrued excess coverage under its policy, nor to Dawn Tucker’s liability for damages in excess of the amount of Allstate’s primary liability.
 

 
 *697
 
 We think this conclusion is correct. Factually, it evidences a reasonable view as to the intent of the parties to the compromise settlement with Allstate and, legally, it finds full support under appropriate provisions of our Civil Code.
 

 Article 3073, which treats of the
 
 scope
 
 of the agreement of compromise, declares:
 

 “Transactions regulate
 
 only the differences which appear clearly to be comprehended in them by the intention of the parties,
 
 whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed;
 
 and they do not extend to differences which the parties never intended to include in them.
 

 “The renunciation,
 
 which is made therein to all rights, claims and pretensions,
 
 extends .only to zvhat relates to the differences on which the transaction arises!’
 
 (Emphasis ours.)
 

 Applying this provision to the case at hand, it is seen that the only differences between plaintiffs and Allstate at the time of the compromises related to the latter’s primary liability to plaintiffs for the negligence of its insured. Allstate was not concerned with its insured’s liability for any amount beyond the limits of its policy. Therefore, the renunciation by plaintiffs of all claims, demands, etc. extended only to-the differences between Allstate and plaintiffs and anything beyond those differences, was without legal effect. See Perret v. Keill, 1 Rob. 307, 310 and Succession of Rosenbrock, 175 La. 1049, 145 So. 4. See also Horinsby v. Travelers Indem. Co. of Hartford, Conn., La.App., 128 So.2d 280.
 
 [1]
 

 The next point raised by counsel on-the motion for summary judgment is that the Court of Appeal, by permitting plaintiffs to continue prosecution of their claims-against F & C after they had released its insured, has sanctioned a splitting of their cause of action in violation of our law.
 

 We see no merit in the contention. There is but one cause of action for each plaintiff for which two insurers are severally liable- — • one for a limited sum and the other for the excess. Settlement with one does not split the cause of action as to the other. The obligations of the insurers were conjunctive as correctly found by the Federal District Court (W.D.La.) in Benroth v. Continental Casualty Company, 132 F.Supp. 270.
 

 The third contention made by counsel under the motion for summary judgment is that, since plaintiffs’ compromises with Allstate for $6,000 did not exhaust its primary liability of $10,000 for one accident,.
 
 *699
 
 the liability of F & C as excess insurer has not yet arisen and is not available.
 

 This proposition is without substance. Factually, Allstate has been released from all liability which simply means that it has been credited with its total primary coverage of $10,000. The circumstance that Allstate was able to settle its liability for $6,000 is of no consequence in determining the responsibility of F & C for excess coverage. Indeed, the trial judge evaluated the combined damages sustained by Janice Futch, Nan Tucker and Ann Tucker Stuckey at $11,893.70 or $1,893.70 over the $10,000 policy limit of Allstate. The judgments against F & C in favor of Ann Tucker Stuckey for $700 and in favor of Theos Futch for $1,193.70 conform with these findings.
 

 On the merits, counsel for F & C vigorously assert that the Court of Appeal erred in refusing to void insurance coverage, notwithstanding Dawn Tucker’s breach of the “cooperation clause” of the policy by her failure and refusal to attend the trial of the case so that she would have been available to give testimony and otherwise assist the defense.
 

 The record shows that Dawn Tucker deliberately violated the cooperation clause of the policy after assuring counsel that she would appear. Attendance at the trial is one of the conditions of the policy, the breach of which would no doubt be sufficient to void coverage in an action on the policy by the assured. But the question here is whether this breach may be urged by the insurer as a defense to a direct action against it under R.S. 22:655 by the injured person.
 

 The Court of Appeal held that, in view of this Court’s decision in West v. Monroe Bakery, 217 La. 189, 46 So.2d 122, (1950) the insurer’s obligation to the injured person under the direct action statute (R.S. 22:655) “* * * becomes fixed as of the occasion of the accident and cannot be prejudiced by the action of the insured in the absence of evidence of fraud or conspiracy.” See 158 So.2d 455.
 

 This resolution is fully justified by the majority opinion in West v. Monroe Bakery, Inc.
 
 [2]
 
 Moreover, the views expressed in that matter — to the effect that substantive, as well as procedural, rights had been accorded to the injured person against the insurer of the tortfeasor by the direct action statute, which could not be prejudiced by a subsequent contractual breach by the latter — has been legislatively approved by an amendment to the statute in 1956.3
 

 The judgments of the Court of Appeal are affirmed.
 

 [1]
 

 . An indicated above one phase of the case of Bergeron v. Gifford-Hill and Company, La.App., 187 So.2d 08, decided by the Court of Appeal, Third Circuit, is in conflict with the view of the Court of Appeal in this matter. To the exent ot this conflict, the Bergeron case is overruled.
 

 [2]
 

 . A four to three decision, in which the author of this opinion and another member of the Court, as presently constituted, dissented.