379 So.2d 757 (1979)
AMERICAN HOME ASSURANCE COMPANY
v.
COMMERCIAL UNION ASSURANCE COMPANY.
No. 10790.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1979.
Rehearing Denied February 20, 1980.
Frank M. Adkins, Adams & Reese, New Orleans, for plaintiff-appellant.
Steven M. Lozes, Drury & Lozes, New Orleans, for Commercial Union Assur. Co.
Before BOUTALL, and SCHOTT, JJ., and JOHN T. HOOD, Jr., Assigned Judge.
SCHOTT, Judge.
American Home Assurance Company has appealed from a summary judgment dismissing its claim against Commercial Union Assurance Company for $62,500 appellant paid to two injured workmen in settlement of their claim against executive officers who were insured against public liability by appellant and appellee. Appellant provided excess insurance over the primary coverage up to $300,000, provided by appellee.
After suing the executive officers and appellee, the workmen settled their claims *758 with appellee for $214,000, reserving their right to continue their claim against the executive officers and appellant for amounts over and above the appellee's $300,000 primary limits. Thereupon appellant assumed the defense of the executive officers in the suit and was faced with considerable exposure prompting it to make a settlement with the workmen. Appellant takes the position that its payment to the workmen fell within the limits of appellee's the primary insurer'spolicy, so that it is entitled to recovery under a theory of either subrogation or unjust enrichment.
In support of its subrogation theory appellant relies on Maryland Casualty Co. v. Marquette Casualty Co., 143 So.2d 249 (La. App. 4th Cir. 1962). In this case, Marquette was the primary insurer of Gulf Engineering Company with $5,000 limits. Maryland was Gulf's excess insurer. Sued for over $400,000 Gulf called on Marquette to defend, was refused, and then called on Maryland to defend. The suit was eventually compromised for $4,375 with Marquette contributing $4,125 and Maryland $250. Had Maryland not contributed, Gulf would not have been included in plaintiff's release. Maryland claimed the $250 against Marquette plus the cost it incurred in defending Gulf.
The court's decision in Maryland's favor was grounded on the fact that Marquette had the primary duty to defend Gulf but forced Maryland to assume Marquette's obligation. Marquette abandoned Gulf and Maryland's contribution of $250 not only secured Gulf's release against liability but also freed Marquette of its obligation to defend Gulf. In the instant case the insureds were protected under the terms of the release from exposure up to $300,000 and the only exposure remaining was appellant's, i. e., any amount in excess of $300,000. Thus, unlike Maryland in the cited case, appellant did not pay anything in appellee's behalf and no basis for subrogation exists.
In any event, the Maryland v. Marquette case must yield to Futch v. Fidelity & Casualty Company, 246 La. 688, 166 So.2d 274 (1964). There the tort feasor was insured by Allstate for up to $5,000 per person and $10,000 per accident and by F & C for the same limits but as excess insurer over Allstate. Allstate settled with the two claimants for $6,000 and obtained releases for all potential defendants except F & C. The claimants proceeded with suit against F & C and were awarded a judgment for $1,893.70. F & C contended that its liability did not arise because the primary limits of Allstate were never exhausted, but the court reasoned:
"This proposition is without substance. Factually, Allstate has been released from all liability which simply means that it has been credited with its total primary coverage of $10,000. The circumstances that Allstate was able to settle its liability for $6,000 is of no consequence in determining the responsibility of F & C for excess coverage. Indeed, the trial judge evaluated the combined damages sustained by Janice Futch, Nan Tucker and Ann Tucker Stuckey at $11,893.70 or $1,893.70 over the $10,000 policy limit of Allstate. The judgments against F & C in favor of Ann Tucker Stuckey for $700 and in favor of Theos Futch for $1,193.70 conform with these findings."
In the instant case, the only difference is that the case was settled by the excess insurer instead of the case proceeding to judgment. In making the payment to the injured workmen appellant settled its own liability, not appellee's, and no basis for subrogation exists.
Likewise without merit is appellant's release on enrichment lately discussed in Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974). The first two necessary elements for the application of the doctrine are an enrichment to appellee and an impoverishment to appellant. Neither is present. We cannot agree that appellee was enriched when it settled a contested claim for an amount which was possibly in excess of the claim's judgment value. As to appellant's supposed impoverishment, it was on a risk in excess of $300,000 up to $1,000,000 because it contracted *759 for such and was paid premiums. The $62,500 it paid was to settle only its own liability under its contract. This is not an impoverishment but simply a routine settlement of a disputed insurance claim.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.