PACIFIC EMPLOYERS
INSURANCE COMPANY

v.

UNITED GENERAL
INSURANCE COMPANY.

Civ. A. No. 84–0503 "O".

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Aug. 3, 1987.

L. Lane Roy, Lafayette, La., for plaintiff.

Harvey L. Strayhan, New Orleans, La., W. Gerald Gaudet, Lafayette, La., for defendant.

MEMORANDUM RULING ON UNITED GENERAL CLAIMS MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

EDWIN F. HUNTER, Jr., Senior District Judge.

Plaintiff, Pacific Employers Insurance Company ("Pacific"), originally filed suit against United General Insurance Company ("UGIC") alleging that UGIC, the primary insurer had arbitrarily, capriciously and in bad faith refused to settle a case within its primary policy limits exposing Pacific, the excess insurer, to liability. UGIC filed a third-party complaint against United General Claims Management, Inc. ("Claims Management") and its insurer,

Evanston Insurance Company, for indemnity and/or contribution. Claims Management had been employed by UGIC to perform adjusting services on the matter in question.

UGIC subsequently changed its name to National Allied Insurance Company. On October 21, 1986, National Allied was placed in permanent receivership in the State of Texas in proceedings entitled *"The State of Texas v. National Allied Insurance Company."* Plaintiff amended its petition naming Claims Management and its insurer as parties defendant.

UGIC and Claims Management were separate legal entities, each incorporated under the laws of Texas. UGIC was in the business of insuring against certain risks and Claims Management was in the business of adjusting claims.

Louisiana jurisprudence is clear that "the insurer is the champion of its insured's interests; that the interests of the insured are paramount to those of the insurer, and that the insurer may not gamble with the funds and resources of its policyholders." *Cousins v. State Farm Mut. Auto. Ins. Co.,* 294 So.2d 272, 275 (La.App. 1st Cir. 1974), *writ refused,* 296 So.2d 837 (La.1974) (emphasis added). Cousins described the duty of an insurer as follows: "[A]n insurer is not required to settle a claim within policy limits under penalty of absolute liability for any excess judgment rendered against the insured. Nevertheless, an insurer may be liable for an excess judgment against its insured where the insurer's refusal to settle within policy limits is found to be arbitrary or in bad faith."

The duty of an insurer to the insured is not disputed, however, there is no Louisiana case holding that the primary insurer owes a settlement duty to an excess carrier. In *Southern American Ins. v. Hartford,* 498 So.2d 280 (La.App. 1st Cir.1986) a Louisiana court was faced with this very problem, but categorically declined to reach that issue. It noted a Louisiana insurance treatise disagreeing that such a duty exists. (See 15 W. McKenzie and H.A. Johnson, Louisiana Civil Law Treatise: Insurance Law and Practice, 221, at 405–407 (1986).) The Court does note the decision in *Utica v. Coastal Marine,* 578 F.Supp. 1376 (E.D.La.1984).[1]

Does the primary insurer owe a settlement duty to the excess insurer? Counsel for Claims Management, apparently confident of its right to summary judgment on its contention that an independent adjuster (employed by the primary carrier) has no duty to an excess carrier, did not feel it necessary to directly address the issue reserved in *Hartford.*

■ We reiterate that no Louisiana court has yet considered whether there is any basis under Louisiana law for recovery of damages by an excess insurer based upon the conduct of a primary insurer in not settling a case within the limits of the primary coverage. But, the jurisprudence is explicit that the excess insurer is only entitled to credit for the primary coverage and has no right to prevent the primary insurer from settling its liability for less than the primary limits nor to recoup any payments which the excess insurer is required to make. *Futch v. Fidelity and Casualty Company,* 246 La. 688, 166 So.2d 274 (1964); *American Home Assurance Company v. Commercial Union,* 379 So.2d 757 (La.App.1979), *writ denied* 383 So.2d 23 (1980), *cert. denied* 449 U.S. 871, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980). *Gasquet v. Commercial Union Insurance Company,* 391 So.2d 466 (La.App.1980), *writ denied* 396 So.2d 921 (1981). While these cases do not specifically discuss whether the primary insurer owes any settlement duty to the excess insurer similar

---

1. The Court in Utica relied upon (as its sole authority), the Ninth Circuit case of *Valentine v. Aetna,* 564 F.2d 292 (9th Cir.1977), which was a diversity case interpreting California law. The Court in Valentine utilized forceful policy arguments in reaching the result. We suggest that substantial policy considerations could be urged in support of a different result, which permits a settlement with the primary carrier and a reservation of rights against the excess carrier, recognizing that the excess carrier is entitled to credit for the full primary limits against any liability. *Gasquet v. Commercial Union,* 391 So.2d 466 (La.App.1980), *writ denied* 396 So.2d 921, 922 (1981).

to that which is owed the insured, the holdings are clearly inconsistent with such a duty. Concededly, there has been no contract breach. We perceive no plausible argument in support of a woefully lacking duty risk-relationship between the two insurers which would have to exist to form a basis for a tort recovery.

Following our ancient declaration that *Erie* bind us, the destiny of the present determination must rest upon the rationale of the Louisiana cases cited in the preceding paragraph. Consequently, the holding of the distinguished Federal District Judge in *"Utica"* does not detract from Erie's command that matters of state law are to be determined by state courts.

■■■ We conclude that under Louisiana law, the primary insurer owes no settlement duty to the excess insurer in the context of this case. This determination on a threshold issue requires that the motion of Claims Management for summary judgment be granted, because one must concede that an adjustment company employed by the primary insurer can have no settlement duty exceeding that of its employer.

Does an independent claims adjuster, employed by primary carrier, owe any settlement duty to an excess insurer?

■ We proceed to a resolution of the question posed in the preceding interrogatory. Claims Management predicates its summary judgment motion on a negative response. We agree that such a response is required. The answer is "No". Most significant is that in other contexts, Louisiana courts have consistently held that an adjuster owes no implied duty of good faith to an insured when not a party to the contract of insurance. *Flowers v. U.S. Fidelity and Guaranty Co.*, 367 So.2d 107 (La.App.1979); *Larkin v. First of Georgia Underwriters*, 466 So.2d 655 (La.App. 1985). These cases are instructional—if not conclusive. Especially here, where the adjuster was employed by the primary insurer and the excess insurer is the complainant.

A direct action by an excess insurer against an independent adjuster employed by a primary insurer for a breach of duty is difficult to conceptualize where there was no contractual relationship and no duty-risk concept between the adjuster and the excess carrier. We reject the argument that the interests of the claim adjuster and the excess insurer were not adverse. The duty of the adjuster is to the primary carrier who contracted with him. His duty is to make a good faith effort in behalf of the primary insurer to settle the claim as reasonable as possible. One does not employ an adjuster to pay the policy limits. The excess carrier's interests are best served if the primary coverage is paid. The excess insurer is entitled to credit for the primary limits. Common sense and experience dictate that the interests of the primary insurer's claim adjuster and the excess carrier are inherently adverse. By way of emphasis, we reiterate. It is the excess insurer's goal to have the primary carrier pay as much as possible under its policy. It is the avowed purpose of the adjuster to minimize the loss of his principal.

A causal relationship between the conduct of a defendant and the injuries suffered by plaintiff does not establish the former's responsibility in damages for such injury. Rather, in addition, before the plaintiff can be permitted to recover for such conduct, it must be established that the conduct complained of constituted a breach of a legal duty imposed to protect against the particular risk involved. *Smolinski v. Taulli*, 276 So.2d 286 (La.1973); *Pierre v. Allstate Insurance Company*, 257 La. 471, 242 So.2d 821 (1970).

■ We conclude that where an adjusting company is hired by a primary insurer to adjust its claim, the adjusting company's duty is to their principal, the primary insurer, and not to the excess carrier. A formidable obstacle to any contrary result is the fact that the interests of the adjuster and the excess carrier are inherently adverse.

## SUMMARY

(1) There is no relationship between plaintiff and United General Claims Management, Inc. which gives right to a

legal duty which could form the basis of plaintiff's complaint.

(2) The motion for summary judgment is granted. The granting of this motion carries with it the dismissal of moving party's insurer (Evanston) whose answer includes a special defense similar to that urged by Claims Management and sustained by this Court.

(3) U.G.I.C. has been placed in receivership in Texas. Therefore all claims against it must be resolved by the receiver in Texas. All claims against U.G.I.C. in this court are dismissed and any relief on such claims are referred to the Texas litigation where these entities were domiciled, where the receiver is domiciled and where any information concerning their entities and finances may be available.

Counsel for Claims Management is to present an appropriate judgment within ten (10) days.