DFOIL, Judge.
In this appeal, an excess insurer challenges the trial court’s ruling granting summary judgment in favor of a primary insurer, finding no liability on the part of the primary carrier. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL BACKGROUND
Plaintiff, Richard Thompson, was involved in a car accident with defendant, Jimmy Shay, an employee of Ace Transportation, Inc. Richard and Ezeldia Thompson, individually and on behalf of several minors, filed suit against Shay, Ace, and Ace’s primary insurer, Liberty Mutual Insurance Company. Ace’s excess insurer, United National Insurance Company, was not initially named in the suit. Liberty Mutual settled with plaintiffs for $447,000.00 (an amount less than the policy limit of $500,000.00). In the settlement documents, plaintiffs released Liberty Mutual, but effectively reserved their claims against United National. Thereafter, United National filed a third party demand against Liberty Mutual alleging that Liberty Mutual settled for less than the policy limits, failed to obtain a complete release of the insureds, and should therefore be responsible for United National’s defense costs and statutory penalties.
In response, Liberty Mutual filed a motion for summary judgment. Following a hearing, the trial court granted summary judgment in favor of Liberty Mutual. This appeal by United National followed.
DISCUSSION
United National asserts that Liberty Mutual, as the primary insurer, breached its defense obligation to its insured, thus requiring it, as the excess insurer, to step in and take up that obligation. It further claims that it is subrogated to the rights of the insureds to recover from Liberty Mutual.
On review, it seems that United National’s chief complaint stems from the fact the settlement agreement resulted in the unconditional release of the insureds, yet the judgment entered as a result of the settlement reserved rights against the insureds insofar as it was necessary to pursue |3the claim against United National. United National insists that Liberty Mutual’s actions constituted a breach of its obligation to the insureds and resulted in prejudice to United National.
As stated by the trial court in written reasons for judgment, the issue before the court was whether Liberty Mutual breached its defense obligation as a primary carrier when it obtained a complete release for itself and not the excess carrier. The court noted that, during settlement proceedings, a primary insurer must conduct itself in such a manner as to not prejudice the excess carrier. If it conducts itself properly, there is no liability and the excess carrier has no right to prevent the *1232 primary insurer from settling liability for less than its policy limits.
It is well settled that appellate courts are charged with a duty to affirm the trial court’s judgment absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 n. 2 (La.1993). After a thorough review of the record in this case, we conclude that the factual findings and conclusions of law made by the trial court are correct. We note that United National’s argument relies heavily on the case of Maryland Casualty Company v. Marquette Casualty Company, 143 So.2d 249 (La.App. 4th Cir.1962). We believe, however, that the Maryland Casualty case involves a different factual scenario than that presented in the instant case. Rather, we believe this case is more consistent with the case of Futch v. Fidelity & Casualty Co. of New York, 246 La. 688, 166 So.2d 274 (1964), which was relied on by the trial court here. Moreover, in American Home Assurance Co. v. Commercial Union Assurance Co., 379 So.2d 757, 758 (La.App. 4th Cir.1979), writ denied, 383 So.2d 23 (La.1980), cert. denied, 449 U.S. 871, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980), the Fourth Circuit specifically held that the rationale of Maryland Casualty yields to that of Futch. Thus, the trial court’s reliance on Futch rather than Maryland Casualty was correct.
|4For these reasons, we affirm the trial court’s judgment and adopt its written reasons as our own, attaching a copy to this opinion. Costs of this appeal are assessed to appellant, United National Insurance Company.
AFFIRMED.
| ^ATTACHMENT
RICHARD THOMPSON VS JIMMY SHAY
NO. 101418
16TH JUDICIAL DISTRICT COURT
PARISH OF ST. MARY
STATE OF LOUISIANA
REASONS FOR JUDGMENT
BACKGROUND: The named plaintiff was involved in a car accident with the named defendant whose insurers were Liberty Mutual, the primary carrier, and United National, the excess carrier. Liberty Mutual’s policy limit was $500,000.00. This case reached settlement when Liberty Mutual offered $447,000.00 to the plaintiff for his injuries on October 26, 1999. The settlement documents indicated that Liberty was released from any future claims; however, these documents and the resulting judgment effectively reserved the claims that the plaintiff had against United National, the excess carrier. On July 10, 2000 United National filed a third party demand against Liberty alleging that Liberty settled for less than their policy limit, failed to obtain a complete release of the insureds, and as such should be responsible for United’s defense costs and statutory penalties. The issue before the court today is whether Liberty breached its defense obligation as a primary carrier when it obtained a complete release for themselves and not their excess carrier.
LAW AND ARGUMENT:
The imposition of liability upon the primary insurer for damages in excess of *1233 its primary policy limits is based upon the primary carrier’s insurance policy provisions which reserve to the primary insurer full control of the litigation, including the defense and settlement negotiations. The rationale has been that by reserving these rights to its exclusive control, the primary insurer must conduct itself reasonably and take only those actions which a reasonable person would take. Courts have extended this reasoning by finding an implied covenant of good faith within | fievery insurance policy and allowing recovery where the insurer fails to observe the covenant of good faith, Great Southwest Fire Insurance Co. v. CNA Insurance Co., 540[547] So.2d 1339[(La.App. 3 Cir. 1989)].
Courts have allowed a primary carrier to settle a claim for less than its whole policy limit without regard for the excess carrier. In Futch v. Fidelity, 246 La. 688, 166 So.2d 274 (La.1964) Allstate was the primary insurer with $10,000.00 limits. F & C provided excess coverage. Allstate entered into settlement with plaintiffs for $6,000.00, with plaintiff reserving his rights to proceed against F & C (his excess carrier). F & C contended that the compromise agreement which released all claims against the insureds effected extin-guishments of the excess carrier’s liability since liability of the excess carrier was contingent and dependent upon the responsibility of its insured, who was released. The court concluded that the above procedure preserved plaintiffs rights against F & C for any damages in excess of Allstate’s primary limits of $10,000.00. The court further indicated that only one cause of action existed for which two insurers were severally liable, one for a limited sum and the other for excess, and the fact that the primary carrier was able to settle its liability for less than its policy limits was of no consequence in determining the responsibility of F & C for excess coverage.
In Gasquet v. Commercial Union Ins. Co., 391 So.2d 466 (La.App. 4 Cir.1980), the primary carrier again settled for less than its policy limits. In the settlement agreement the primary carrier and the insured were released except to the extent of collectible coverage under the policy of excess insurance. The agreement further reserved all rights against the excess carrier and expressly recognized that the excess carrier was entitled to credit for the entire primary policy limits. The court stated that the plaintiff under such circumstances was entitled to direct action against the excess carrier and that the excess carrier had no right to prevent the primary insurer from settling liability for less than its policy limits.
The issue before the court is the motion for summary judgment filed by Liberty on grounds that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. If there was any evidence that Liberty conducted themselves in a manner during settlement proceedings whereby United was prejudiced then liability would be triggered; ^however, a clear reading of all the documents shows no bad faith on the part of Liberty. Liberty breached no obligation to the insureds in this case. Therefore, the motion for summary judgment shall be granted and all court costs will be cast to United.
Officially in Chambers in St. Mary Parish, La. this 18th day of January, 2001.
/s/ William D. Hunter William D. Hunter, Judge
/s/ Division D